IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

NEWPORT NEWS DIVISION

**SHARDELL GERALD and**

**LAMONT BURGESS**

                                         **Plaintiffs**

v.                                        **Civil Action No. _____**

**STEVEN DREW and**

**D. AKAROTOVIC and**

**JOHN DOE**

                                         **Defendants**

**JURY TRIAL DEMANDED**

<u>**COMPLAINT**</u>

Plaintiffs, **SHARDELL GERALD** and **LAMONT BURGESS, move** for judgement against the defendants in their individual capacities on the grounds and in the amounts set forth below:

1. Shardell Gerald received a license to grow hemp from the Virginia Department of Agriculture and Consumer Services on March 28, 2019, pursuant to Virginia Code section 3.2-4112, et seq. She is a resident of the City of Newport News. She is black.

2. Lamont Burgess is Gerald's boyfriend and was present at her residence In Newport News when all the events at issue herein occurred. He is black.

3. Defendant Steven Drew is the Chief of Police in Newport News and was so on the times at issue herein. He is white.

4. At the times in issue herein, defendant D. Akaratovic was a police officer for the City of Newport News, as was Officer John Doe. Both of these officers are white.

5. On May 1, 2019, Steven Drew, the Newport News police chief at the time, received a letter from the Virginia Department Of Agriculture and Consumer Services informing him of the existence of

a program which allows licensed entities to grow hemp, pursuant to Virginia Code sections 3.2-4112 et seq.

6. That program is codified in Virginia Code section 3.2-4112 et seq. A licensed grower of hemp cannot be prosecuted for a violation of the marijuana laws which were the subject of this search warrant. A grower is subject to two inspections a year, to be arranged in advance.

7. Drew never informed anybody working at Newport News police department that he had received that letter, and further has stated that he had no obligation to do so. He has no idea why he got that letter. As the police chief for Newport News, he was obligated to inform his officers about the existence of the program. He did nothing.

8. On September 30, 2019, D. Akaratovic secured a search warrant to be served at the residence of Shardell Gerald at 103 Deep Creek Road in the City of Newport News to look for marijuana and incidents of drug dealing related to marijuana.  Akaratovic was completely unaware of Virginia Code sections 3.2-4112 et seq, or blatantly chose to ignore them.

9. Akaratovic took the time to educate himself and his 15 machine-gun toting storm troopers about the location of Gerald's house yet never even bothered to research the existence of the hemp growers program, and to go through the proper avenues set forth in the statutes.

10. On 9/29/2019, Burgess was observed in the yard with the plants by two white Newport News police officers and they questioned a neighbor about the possible smell of marijuana.

11. On September 30, 2019, that search warrant was executed. The officers displayed automatic weapons and forced the plaintiffs to remain in their house handcuffed for well over an hour, despite being told on numerous occasions that plaintiff Gerald had a license to legally grow hemp.

12. The officers finally, after well over an hour, verified that Gerald did have a license to legally grow hemp, and left.

13. To this day, nobody from Newport News police has ever even apologized.

14. When they finally did leave, John Doe officer threatened Gerald, telling her he would be back and it would not be pretty.

15. The actions of all the defendants were grossly negligent.

16. The actions by the defendants were done intentionally with malice aforethought.

17. Gerald and Burgess were humiliated and to this day suffer intense emotional damage due to this outrageous and unjustified illegal search and seizure.

## FEDERAL CAUSE OF ACTION

18. The allegations set forth in paragraphs 1 through 11 are incorporated herein by reference.

19. Plaintiffs are entitled to an award of compensatory and punitive damages from defendants as a result of their conduct.

20. The hereinabove described actions and omissions, engaged in under color of state law by the defendants deprived the plaintiffs of rights secured to them by the Fourth and/or the Fourteenth Amendment of the Constitution of the United States, including the right to be free from unlawful search and seizure by police under Title 42 US Code 1983.

21. Jurisdiction is proper under 28 US Code section 1331.

22. Plaintiff demands and is entitled to attorney's fees under Title 42 US Code 1985.

## PENDENT STAE LAW CAUSES OF ACTION

23. The allegations set forth in paragraphs 1 through 17 are repeated and realleged.
    a. The acts and conduct hereinbefore alleged constitute common law gross negligence under the laws of the Commonwealth of Virginia, and defendants are liable for damages.
    b. The acts and conduct hereinbefore alleged constitute common law false imprisonment, and defendants are liable for damages. Plaintiffs were held against their will for over an hour.
    c. The acts and conduct hereinbefore alleged constitute common law assault and battery, and defendants are liable for damages. Plaintiffs were physically subjected to unwanted touching by having handcuffs slammed on them.

24. In addition to the foregoing, plaintiffs are entitled to an award of punitive damages from defendants as a result of their conduct which demonstrated such recklessness as evidence a complete disregard for the sanctity of one's home and a conscious disregard for the safety of others.

25. Plaintiffs claim damages against defendants in the sum of One Million Dollars each as compensation for suffering, mental anguish, and punitive damages. WHEREFORE, each plaintiff

demands judgment against all defendants each jointly and severally in the amount of One Million Dollars ($1,000,000.00) as compensatory damages and punitive damages and costs therein.

**SHARELL GERALD AND LAMONT BURGESS**

_____-s-_____

James Ellenson
VSB # 20261
Ellenson Law Office, P. C.
101 25th street
Newport News, Virginia 23607
Telephone: 757-244-4445
Fax: 757-562-1612
email: jseatty@aol.com